IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK OSEI, | Case No. 09-CV-2534-JAM-GGH |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION FOR COSTS |
| v. | |
| GMAC MORTGAGE; COUNTRYWIDE HOME LOANS; BANK OF AMERICA FKA COUNTRYWIDE HOME LOANS; GREENPOINT MORTGAGE FUNDING, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,INC.; DBA DELTA MORTGAGE AND REAL ESTATE; JEFFREY ALAN PELLETIER, JEFFREY PAUL OLSEN; JEFFREY BRYAN DELORA, | |
| Defendants. | |
| _____/ | |

This matter comes before the Court on Plaintiff Patrick Osei's ("Plaintiff's") Opposition (Doc. #68) to the Bill of Costs and Motion for Award of Costs (Doc. #66) submitted by Defendants Countrywide Home Loans, Inc., Bank of America, N.A.,

1

and Mortgage Electronic Registration Systems, Inc. ("Defendants").

Defendants seek $634.46 in costs. Eastern District Local Rule 292(b) requires a Bill of Cost be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred. Defendants failed to comply with the Local Rule, as the necessary memorandum and affidavit were not filed with the Bill of Costs.

However, Eastern District Local Rule 292(c) also requires objections to costs be filed within seven (7) days from the date of service of the Bill of Costs. Plaintiff failed to comply with the Local Rule, as the opposition was untimely filed.

"Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, a prevailing party should be awarded costs, unless a court order provides otherwise. As such the rule creates a presumption in favor of awarding costs to a prevailing party. The losing party bears the burden of making a showing that the award of costs would be inequitable under the circumstances. While a district court has discretion to deny costs, it must specify reasons explaining why a case is not ordinary and why, in the circumstances, it would be inappropriate or inequitable to award costs." <u>Beecham v. City of West Sacramento</u>, 2009 WL 1438667 (E.D. Cal. May 20, 2009) (internal citations omitted).

2

Here, both parties have violated the Local Rules regarding the taxing of costs. The Court nonetheless has examined the matter on the merits, and finds that it would be inequitable to tax costs against the losing party in this matter. Defendants, the prevailing parties, are major financial corporations. Plaintiff, the losing party, is facing foreclosure of his home and has limited financial resources. The Ninth Circuit has approved the losing party's limited financial resources as a reason for refusing to award costs to a prevailing party. <u>Association of Mexican-American Educators v. State of California</u>, 231 F.3d 572, 592 (9th Cir. 2000).  Accordingly, the Court declines to award costs due to Plaintiff's financial situation.

ORDER

For the reasons set forth above, Defendants' Motion for Award of Costs is DENIED.


IT IS SO ORDERED.


Dated: May 19, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE