IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK OSEI,<br><br>    Plaintiff,<br><br>  v.<br><br>GMAC MORTGAGE; COUNTRYWIDE HOME LOANS, INC.; GREENPOINT MORTGAGE FUNDING, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; PELLETIER FINANCE, INC., DBA DELTA MORTGAGE AND REAL ESTATE; JEFFREY ALAN PELLETIER; JEFFREY PAUL OLSON; JEFFREY BRYAN DELORA; BANK OF AMERICA, FKA COUNTRYWIDE HOME LOANS, INC.; ETS SERVICES, LLC; and DOES 1-20, inclusive,<br><br>    Defendants.<br>_____/ | Case No. 2:09-cv-02534 JAM-GGH<br><br><u>ORDER: GRANTING DEFENDANT GMAC MORTGAGE'S MOTION TO DISMISS</u> |

    This matter comes before the Court on Defendant GMAC Mortgage's ("Defendant's" or "GMAC's") Motion to Dismiss (Doc. #33) Plaintiff Patrick Osei's ("Plaintiff's") First Amended

1

Complaint ("FAC")(Doc. #23) pursuant to Federal Rule of Civil Procedure 12(b)(6), and Defendant's Motion to Strike (Doc. #34) portions of the FAC pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff opposed the motions. (Doc. #35).  For the reasons explained below, this Court GRANTS Defendant's Motion to Dismiss.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2007, Plaintiff entered into a loan agreement with Defendant Delta Mortgage and Real Estate ("Delta"). (FAC ¶ 37.) The loan was secured by the Deed of Trust to real property located at 5458 Tares Circle, Elk Grove, California ("the subject property"). (Id. ¶¶ 7, 37.) The Deed of Trust identified Marin Conveyancing Corporation as a trustee for the loan. (Id. ¶ 37.) Plaintiff claims Defendant Jeffrey Bryan Delora placed him into loan inappropriate for his financial situation by fraudulently overstating Plaintiff's income on the loan application. (Id. ¶¶ 29-34.) Plaintiff claims GMAC is a loan servicer and began demanding mortgage payments sometime after Plaintiff acquired the loan for the subject property. (Id.

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The motions were originally set for hearing before Magistrate Judge Hollows on 2/11/2010. Pursuant to the Clerk's Minute Order (Doc. #46), they were re-noticed for hearing before this Court on 4/21/2010.

¶ 8.) Plaintiff also claims GMAC did not give him notice that it acquired servicing rights to Plaintiff's loan. (Id. ¶¶ 19, 39.)

On September 9, 2008, Defendant ETS Services, LLC ("ETS") filed a Notice of Default on Plaintiff's loan. (Id. ¶ 40.) On September 11, 2008, ETS recorded a Notice of Trustee's Sale ("Notice") of the subject property which identified ETS as the trustee under the Deed of Trust. (Id. ¶ 41.) On October 9, 2009 a Substitution of Trustee was drafted for Defendant Mortgage Electronic Registration Systems, which assigned ETS as its successor. (Id. ¶ 42.) Plaintiff claims that GMAC is now attempting to obtain title to the subject property (Id. ¶ 46.)

Plaintiff alleges that on June 18, 2009, a Qualified Written Request ("QWR") was mailed to GMAC. (Id. ¶ 43.) Plaintiff claims that the QWR "properly identified the Plaintiff, identified the loan in question, a statement of reasons for Plaintiff's belief that the account was in error due to fraud at the inception of the loan, improper charges added to the loan, the improper increase in the principal balance of Plaintiff's Loan, and requested specific servicing related information from [Defendant]." (Id.) Plaintiff claims that Defendant failed to properly respond to the QWR. (Id.)

Plaintiff filed this action alleging ten federal and state causes of action against numerous defendants. Specifically, Plaintiff brings the following causes of action against GMAC:

(1) violations of the Real Estate Settlement Procedures Act ("RESPA"); (2) violations of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); (3) negligence; (4) fraud; (5) violations of California Business and Professions Code; (6) and wrongful foreclosure. (Id. ¶¶ 67-92, 107-30, 152-60.)

Defendant has filed two motions. First, Defendant seeks to dismiss Plaintiff's FAC for failure to state a claim. Second, Defendant seeks to strike paragraphs of the FAC pertaining to punitive damages for failure to allege facts sufficient to show that he is entitled to punitive damages as a matter of law. Plaintiff opposes Defendant's motions, and alternatively, requests that he be given leave to amend his FAC.

II.   OPINION

A.   Legal Standard

   1.   Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions,"

however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. It is inappropriate to "assume that the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated...laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint. See Fed. R. Civ. P. 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear...that the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2002).

2. Motion to Strike

A court may "strike from a pleading...any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid

the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). A court should not grant a motion to strike "unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

B.  Federal Claim: RESPA

   Plaintiff's fourth claim for relief alleges that Defendant violated various provisions of RESPA 12 U.S.C. § 2605 et seq. Specifically, Plaintiff alleges that Defendant violated the following sections: (1) § 2605(b) and (c) by failing to provide written notice within fifteen days of the assignment of servicing rights to Plaintiff's loan; (2) § 2605(e)(2) by failing to provide a proper response to Plaintiff's QWR; (3) § 2605(e)(2)(A) by failing to make appropriate corrections to Plaintiff's account in response to the QWR and failing to provide Plaintiff notice of such corrections; (4) § 2605(e)(2) by refusing to cease collection efforts after receiving the QWR; and (5) § 2605(e)(3) by providing information to consumer reporting agencies regarding overdue payments allegedly owed by Plaintiff that were related to the QWR. (FAC ¶¶ 85-91).

"Section 2605 requires a loan servicer to provide disclosures relating to the assignment, sale, or transfer of loan servicing to a potential or actual borrower: (1) at the time of the loan application, and (2) at the time of transfer. 12 U.S.C § 2605(b). The loan servicer also has a duty to respond to a borrower's inquiry or "qualified written request." 12 U.S.C. § 2605(e). A qualified written request is a written correspondence that enables the servicer to identify the name and account of the borrower. 12 U.S.C. § 2605(e)(1). It also either includes a statement describing why the borrower believes that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. Id. The loan servicer is required to respond by making appropriate corrections to the borrower's account, if necessary and, after conducting an investigation, providing the borrower with a written clarification or explanation. 12 U.S.C. § 2605(e)(2)." Keen v. Am. Home Mortgage Servicing, Inc., 664 F. Supp. 2d 1086, 1097 (E.D. Cal. 2009).

Plaintiff alleges that he submitted a QWR to which Defendant failed to respond. (FAC ¶ 87.) However, Defendant contends that the FAC does not indicate to whom or where the QWR was sent. (MTD 5:21-22.) Plaintiff has alleged that, "[he] is not certain at this time exactly which of [the] Defendants was actually the servicer of the Loan at any given time." (FAC ¶

7

85.) Plaintiff's inability to allege whether GMAC was the loan servicer at the time in question is fatal to his claim because "under RESPA § 2605, only a loan servicer has a duty to respond to a borrower's inquiries." Gonzalez v. First Franklin Loan Servs., No. 1:09-CV-00941, 2010 WL 144862, at *12 (E.D. Cal. Jan. 11, 2010). Without alleging that Defendant was a loan servicer under RESPA during any relevant time, Plaintiff cannot show that Defendant owed any duty to respond to Plaintiff's alleged QWR. Moreover, Plaintiff's RESPA claims rest on whether Defendant was a servicer and had a duty to respond to the alleged QWR. As such, the remainder of Plaintiff's RESPA claims fail.

In addition to alleging that the Defendant was a servicer, Plaintiff's RESPA claim "must also allege actual harm to survive a motion to dismiss. Section 2605(f) imposes liability on servicers that violate RESPA and fail to make the required disclosures. 12 U.S.C. § 2605(f). Although this section does not explicitly make a showing of damages part of the pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." Lane v. Vitek Real Estate Indus. Group, No. 2:10-335, 2010 WL 1956707, at *7 (E.D. Cal. May 13, 2010) (citations omitted). For example, in Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374 (D. N.J. 2006), the court stated that "alleging a breach of

8

RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages." Id. at 383. "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiffs can show that a failure to respond or give notice has caused them actual harm." Lane, 2010 WL 1956707, at *7 (citation omitted). Here, Plaintiff alleges that he "has suffered and continues to suffer damages and costs of suit" (FAC ¶ 92), but has not offered any facts to support an inference that Defendant's failure to respond to his QWR resulted in pecuniary damages.

Plaintiff's RESPA claim is insufficient as currently pled. Plaintiff has already amended his complaint once, and it is clear that further amendment would be futile. Accordingly, Defendant's motion to dismiss Plaintiff's RESPA claim is granted, with prejudice.

C. State Law Claims

   1. California's RFDCPA

Plaintiff's second claim for relief alleges that Defendant is a debt collector under California's RFDCPA, and that Defendant violated the RFDCPA by: (1) using unfair means to collect a debt; (2) making false reports about Plaintiff's

credit standing to credit reporting agencies; and (3) charging excessive fees not permitted by law or contract. (FAC ¶¶ 68-71.)

California's RFDCPA was enacted "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1(b). However, foreclosure does not constitute debt collection under the RFDCPA. See Keen v. Am. Home Mortgage Servicing, Inc., 664 F. Supp. 2d 1086, 1095 (E.D. Cal 2009); Izenberg v. ETS Servs. LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). Thus, any alleged conduct relating to foreclosure is excluded from the definition of debt collection under the RFDCPA. Here, Plaintiff's RFDCPA allegations against Defendant relate solely to Defendant's attempts to foreclose on the property. (See FAC ¶¶ 70-71.) Accordingly, Defendant's motion to dismiss Plaintiff's RFDCPA claim is granted, with prejudice.

2. Negligence

Plaintiff's third claim for relief alleges that Defendant owed a duty to the Plaintiff to exercise reasonable care in performing its agency duties for Plaintiff's best interest, that Defendant breached its duty to the Plaintiff when it directed Plaintiff into a loan for which he was not qualified, and that Defendant had a statutory duty to Plaintiff to properly respond to Plaintiff's QWR and provide notice of the transfer of the

servicing rights to his loan. (FAC ¶¶ 75-79.) Defendant contends that it owed no legal duty to Plaintiff. (MTD 4:5-15.)

To state a cause of action for negligence, a plaintiff must allege: (1) the defendant has a legal duty to use due care; (2) the defendant breached that legal duty; and (3) the breach was the proximate cause of the resulting injury. Ladd v. County of San Mateo, 911 P.2d 496, 498 (Cal. 1996) (citation omitted). "[T]he existence of a duty is a question of law for the court." Ky. Fried Chicken of Cal., Inc. v. Superior Court, 927 P.2d 1260, 1263 (Cal. 1997). In the lending context, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). Furthermore, "loan servicers do not owe a duty to the borrowers of the loans they service." Pok v. Am. Home Mortgage Servicing, Inc., No. 2:09-2385, 2010 WL 476674, at *4 (E.D. Cal. Feb 3, 2010); see also Watts v. Decision One Mortgage Co., No. 09-43 CV 0043, 2009 WL 2044595, at *2 (S.D. Cal. July 13, 2009); Marks v. Ocwen Loan Servicing, No. 07-2133, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009).

Plaintiff's negligence claim against Defendant fails to establish a claim upon which relief can be granted. Defendant is the alleged servicing company to the lender (FAC ¶ 8) and does

not owe a duty to Plaintiff. As such, without the required existence of a duty, Plaintiff has no claim for negligence against Defendant. Accordingly, Defendant's motion to dismiss Plaintiff's negligence claim is granted, with prejudice.

3. <u>Fraud</u>

Plaintiff's sixth claim for relief alleges that Defendant misrepresented that it had the right to collect loan payments from him (FAC ¶ 110), and that Defendant's "officers, directors and/or managing agents failed to adequately supervise, train and direct its employees, and employing [sic] them with conscious disregard for the safety of Plaintiff." (<u>Id.</u> ¶ 121.)

Under California law, the elements of fraud are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. <u>Robinson Helicopter Co., Inc. v. Dana Corp.</u>, 102 P.3d 268, 274 (Cal. 2004). A plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b) requires that the Plaintiff "set forth what is false or misleading about a statement, and why it is false," <u>Decker v. GlenFed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994), as well as provide an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." <u>Edwards v. Marin Park, Inc.</u>,

12

356 F. 3d 1058, 1066 (9th Cir. 2004). A court may dismiss a fraud claim when its allegations fail to satisfy the heightened pleading requirements of Rule 9(b). Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).

Here, Plaintiff bases his claim on mere conclusory allegations and fails to include statements regarding the time, place, and content of these alleged fraudulent activities. Although Plaintiff alleges that Defendant misrepresented to Plaintiff that it had the right to collect on the mortgage, Plaintiff fails to adequately allege how the Defendant is responsible for the alleged wrongdoing. Having already amended his complaint once, Plaintiff again fails to allege facts sufficient to raise a fraud claim under Rule 9(b)'s heightened standard. Accordingly, Defendant's motion to dismiss Plaintiff's fraud claim is granted, with prejudice.

4. Wrongful Foreclosure

Plaintiff's tenth claim for relief alleges that Defendant was not in possession of the Note and is not a beneficiary, assignee, or employee of the person or entity in possession of the Note, and therefore is not entitled to enforce the security interest on the subject property. (FAC ¶ 154.) Plaintiff further alleges that Defendant never acquired a right to enforce the Note and Deed of Trust due to defective transfers, and as a

result, Defendant violated California Civil Code § 2923.5 by commencing foreclosure proceedings. (Id. ¶¶ 155-57.)

Defendant contends that "Plaintiff fails to allege that he tendered the amount of secured indebtedness." (MTD 7:28-8:1.) "Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated into the sale, the borrower must make a valid and viable tender of payment of the secured debt." Montoya v. Countrywide Bank, F.S.B., No. C09-00641, 2009 WL 1813973, at *11 (N.D. Cal. June 25, 2009) (citations omitted). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. Am. Sav. & Loan Ass'n, 92 Cal. Rptr. 851, 854 (Ct. App. 1971) (citations omitted). "The overwhelming majority of California district courts utilize the Karlsen rationale in examining wrongful foreclosure claims." Keen v. Am. Home Mortgage Servicing, Inc., 664 F. Supp. 2d 1086, 1100 (E.D. Cal. 2009) (citations omitted).

Plaintiff argues that under Humboldt Sav. Bank v. McCleverty, 161 Cal. 285, 291 (1911), "a tender need not be made where it would be inequitable to do so," adding that "tender is not required when the owner's action attacks the validity of the underlying debt because the tender would constitute an affirmation of the debt." (Pl.'s Opp'n 13:22-14:2.) However,

courts have held otherwise. See, e.g. Montoya, 2009 WL 1813973, at *12 (dismissing plaintiff's wrongful foreclosure claim because plaintiff failed to allege that loan amount was tendered, despite plaintiff's claim that the loan was invalid); Williams v. Countrywide Home Loans, Inc., No. C 99-0242, 1999 WL 740375, at *2 (N.D. Cal. Sept. 20, 1999) (granting defendant loan servicer's motion for summary judgment on plaintiff's wrongful foreclosure claim because plaintiff failed to allege that loan amount was tendered, despite plaintiff's claim that the loan was invalid). Furthermore, Defendant rightfully contends that Plaintiff "fails to identify any allegations that would show it would be inequitable to require him to make an offer of tender." (Reply 7:4-6.) Thus, Plaintiff fails to adequately allege a cause of action for wrongful foreclosure.

Defendant further argues that Plaintiff's assertion that Defendant must possess the original note to validate the foreclosure sale is without merit. (MTD 8:2-3.) "[T]here does not appear to be any requirement under California law that the original note be produced in order to render the foreclosure proceedings valid." Farner v. Countrywide Home Loans, No. 08cv2193, 2009 WL 189025, at *2 (S.D. Cal. Jan. 26, 2009).

Additionally, "Section 2923.5 contains no language that indicates that any intent whatsoever to create a private right of action. As such, the Court concludes that section 2923.5 does

not contain such a right, and that amendment of the claim would be futile." <u>Gaitan v. Mortgage Elec. Registration Sys.</u>, No. 09-1009, 2009 WL 3244729, at *7 (C.D. Cal., Oct. 5, 2009); <u>see also Yulaeva v. Greenpoint Mortgage Funding, Inc.</u>, No. S-09-1504, 2009 WL 2880393, at *11 (E.D. Cal. Sept. 03, 2009) ("Defendants also argue that section 2923.5 does not provide for a private right of action. Section 2923.5 does not explicitly provide such a right. Under California law, an implied right of action exists only where the legislature so intended. <u>Moradi-Shalal v. Fireman's Fund Ins. Companies</u>, 758 P.2d 58, 69 (Cal. 1988)."). Accordingly, Defendant's motion to dismiss Plaintiff's wrongful foreclosure claim is granted, with prejudice.

    5.  <u>California Business & Professions Code § 17200 et seq.</u>

Plaintiff's seventh claim for relief alleges that Defendant's violations of RESPA and California's RFDCPA, and Defendant's alleged negligence, fraud, and wrongful foreclosure activities constitute "unlawful, unfair, and/or fraudulent business practices" in violation of California's Unfair Competition Law ("UCL"). (FAC ¶ 123.)

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "According to the California Supreme Court, the UCL 'borrows'

violations of other laws and treats them as unlawful practices independently actionable under the UCL." Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1117 (E.D. Cal. 2009) (citing Farmers Ins. Exch. V. Superior Court, 826 P.2d 730, 734 (Cal. 1992)). "As such, a 'defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law.'" Gonzalez v. First Franklin Loan Svcs., No. 1:09-CV-00941, 2010 WL 144862, at *15 (E.D. Cal. Jan. 11, 2010) (quoting Ingles v. Westwood One Broadcasting Servs., Inc., 28 Cal. Rptr. 3d 933, 938 (Ct. App. 2005)).

    Plaintiff's failure to state any claim underlying unlawful, unfair, or fraudulent conduct is fatal to his UCL claim.

    Given that Plaintiff's RESPA, RFDCPA, negligence, fraud, and wrongful foreclosure claims fail, the UCL claim also fails. See Gonzalez, 2010 WL 144862, at *16; Vega, 654 F. Supp. at 1118. Defendant's motion to dismiss Plaintiff's UCL claim is granted, with prejudice.

17

D. <u>Motion to Strike</u>

Given that the Court is dismissing the FAC in its entirety, with prejudice, the Motion to Strike is moot.

## III. ORDER

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED, WITH PREJUDICE.

IT IS SO ORDERED.

Dated: June 18, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE